**Dale Ray HURD, Plaintiff–Appellant,**

**v.**

**C.A. "Cal" TERHUNE; et al.,
Defendants–Appellees.**

No. 00–55716.
D.C. No. CV–98–00716–MJL.

United States Court of Appeals,
Ninth Circuit.

Submitted April 9, 2001.*

Decided April 18, 2001.

courts of this circuit except as may be provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

R.App. P. 34(a)(2). Accordingly, we deny Hurd's request for oral argument.

Before CANBY, KOZINSKI, and RYMER, Circuit Judges.

### MEMORANDUM **

Dale Ray Hurd, a California state prisoner, appeals pro se the district court's summary judgment for defendants in his 42 U.S.C. § 1983 action alleging denial of access to the courts and retaliation. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's grant of summary judgment, *Barnett v. Centoni*, 31 F.3d 813, 815 (9th Cir.1994) (per curiam), and we affirm.

■ With respect to Hurd's access to the courts claim, we conclude that he failed to establish that he suffered an actual injury attributable to law library inadequacies with respect to his federal habeas corpus petition. *See Lewis v. Casey*, 518 U.S. 343, 348–49, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). With respect to his access to the courts claim relating to his state habeas corpus petition, we conclude that he waived this claim by failing to delineate it specifically and explicitly in his opposition to defendant's motion for summary judgment. *See Whittaker Corp. v. Execuair Corp.*, 953 F.2d 510, 515 (9th Cir.1992).

We also affirm the district court's grant of summary judgment on Hurd's retaliation claim. *See Barnett*, 31 F.3d at 816.

** This disposition is not appropriate for publication and may not be cited to or by the

We reject Hurd's contentions with respect to the failure of the district court to issue a subpoena because the information he sought would not have altered the resolution of the access to the courts claims. *See Sablan v. Dep't of Finance of the Commonwealth of the N. Mariana Islands*, 856 F.2d 1317, 1321 (9th Cir.1988).

■ We agree with the district court that claims presented in an amended or supplemental complaint are subject to the exhaustion requirement of the Prison Litigation Reform Act. *See* 42 U.S.C. § 1997e(a).

We reject Hurd's remaining contentions as meritless.

AFFIRMED.

courts of this circuit except as may be provided by 9th Cir. R. 36–3.